**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FIDENCIO VERDIN-GARCIA,

Defendant-Appellant.

No. 10-3137

(D.C. No. 2:09-CV-02492-JWL)
(D.C. No. 2:05-CR-20017-JWL-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

Fidencio Verdin-Garcia seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Because Verdin-Garcia has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I

On February 4, 2005, Verdin-Garcia and five codefendants were indicted for their roles in a large marijuana and methamphetamine trafficking ring based in and around

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Kansas City, Kansas. The indictment included multiple charges of conspiracy, possession and distribution of methamphetamine, and use of a communications facility to facilitate the commission of a drug felony. Defense attorney Theodore Lickteig was appointed to represent Verdin-Garcia. The case proceeded to trial in March of 2006, and, at the conclusion of the evidence, the jury found Verdin-Garcia guilty on fourteen counts. Verdin-Garcia was sentenced to three terms of life imprisonment and eleven terms of four years' imprisonment, with all terms to run concurrently. On direct appeal, this court affirmed Verdin-Garcia's convictions and sentences. United States v. Verdin-Garcia, 516 F.3d 884, 888, 899 (10th Cir. 2008). The Supreme Court denied Verdin-Garcia's petition for writ of certiorari. Verdin-Garcia v. United States, — U.S. —, 129 S.Ct. 161 (2008).

On September 18, 2009, Verdin-Garcia filed a pro se § 2255 motion to vacate, set aside or correct sentence. Verdin-Garcia's motion alleged, in pertinent part, numerous instances of ineffective assistance on the part of Lickteig, his appointed trial counsel. With his motion, Verdin-Garcia submitted a five-page affidavit addressing certain of his allegations of ineffective assistance. On December 18, 2009, the government filed a response in opposition to Verdin-Garcia's motion. Included with the government's response was an affidavit from Lickteig that responded to certain of Verdin-Garcia's allegations of ineffective assistance. On April 20, 2010, the district court issued a thorough twenty-seven page memorandum and order denying Verdin-Garcia's motion.

Verdin-Garcia filed a timely notice of appeal. The district court denied Verdin-Garcia's request for COA. Verdin-Garcia has since renewed his request for COA with

2

this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). In turn, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Verdin-Garcia's only argument in support of his request for COA is that this court should authorize him to appeal "the District Court's error in not addressing an evidentiary hearing on the conflictive nature of the sworn affidavits presented" by him and by the government. Aplt. Br. at 11. These affidavits were presented in reference to Verdin-Garcia's claim of ineffective assistance of counsel. We conclude, however, that Verdin-Garcia has failed to establish his entitlement to a COA on this issue. Although their respective affidavits revealed that Verdin-Garcia and Lickteig disagreed on certain issues of historical fact[1], none of those issues, in the end, were outcome-determinative with

_____

[1] For example, Verdin-Garcia alleges that Lickteig brought only two audio recordings with him when he visited Verdin-Garcia in custody, and never mentioned

<span style="text-align:right;display:block">(continued...)</span>

3

respect to the merits of Verdin-Garcia's specific claim of ineffective assistance of counsel, or his § 2255 motion in general. In other words, even if one or more of those factual issues were resolved in favor of Verdin-Garcia, it would not have altered the district court's conclusion that, based on "the files and records of the case," Verdin-Garcia was not entitled to relief. 28 U.S.C. § 2255(b). In this regard, we note, as did the district court, that nowhere in his § 2255 motion did Verdin-Garcia argue (or even remotely suggest) that, absent trial counsel's purported errors, he was prejudiced or that the outcome of the proceedings against him would have been different. More specifically, as the district court noted, Verdin-Garcia did not "assert that he would have pled guilty had he known the extent of the evidence against him." Aplt. App. at 33. Thus, the veracity of Verdin-Garcia's factual allegations was immaterial because, in any event, he failed to establish any prejudice flowing from Lickteig's purported errors.

The request for a COA is DENIED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[1](...continued)
several hundred other audio recordings the government intended to use at trial. Lickteig, in contrast, alleges he specifically told Verdin-Garcia about the hundreds of audio recordings.

4